UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE A. WRIGHT,<br><br>      Plaintiff,<br><br>   v.<br><br>OFFICER J. NARANJO,<br><br>      Defendant. | No.  2:24-cv-2983 CSK P<br><br>ORDER |

   Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     PLAINTIFF'S COMPLAINT

Plaintiff Dewayne A. Wright alleges that on October 10, 2023, defendant J. Naranjo, an officer at the Stanton Correctional Facility in Fairfield, opened plaintiff's legal mail and either "intentionally or mistakenly delivered [plaintiff's] legal[] mail to inmate Dequan Wright." (ECF No. 1 at 3.)  Plaintiff alleges defendant was required to have inmates state their names before delivering legal mail, yet plaintiff's legal mail was still delivered to another inmate.  Plaintiff appended copies of his grievance and the response.  (ECF No. 1 at 7-9.)  In his grievance, plaintiff confirmed he received the opened legal mail.  (Id. at 7.)  As injury, plaintiff alleges his constitutional rights were violated.  (Id. at 3.)  Plaintiff seeks money damages.  (Id. at 6.)

III.    DISCUSSION

Plaintiff's claim against defendant J. Naranjo rests on a single incident.  Plaintiff grieved the issue and then filed this suit, asserting a constitutional violation based on the legal mail being opened outside plaintiff's presence.

First, plaintiff's claim fails because he has not alleged sufficient facts identifying the mail as "legal mail."  Plaintiff did not identify who sent the mail or whether it was properly marked as "legal mail."  (ECF No. 1, passim.)  Thus, plaintiff fails to meet his burden of plausibly alleging that the item opened outside his presence was protected legal mail.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  For example, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). Thus, the First Amendment does not prohibit opening mail from the courts outside the prisoner's presence.

Second, to the extent the mail was protected "legal mail," opening such legal mail outside plaintiff's presence does implicate the First Amendment.  Hayes v. Idaho Corr. Ctr., 849 F.3d

3

1204, 1211 (9th Cir. 2017)). But plaintiff's complaint demonstrates he is unaware whether defendant's actions were mistaken or intentional, and identifies no improper motive on the part of defendant. Moreover, the grievance appended to plaintiff's complaint states that the "mail was mislabeled, which caused it to have been delivered to the incorrect inmate, who has a similar name" as plaintiff. (ECF No. 1 at 9.) The allegations in plaintiff's complaint demonstrate a similarity in the two prisoners' first names: Dewayne and Dequan, and they share the same last name: Wright.

Absent allegations of an improper motive in the legal mail delivery, plaintiff's claim fails because it is based on one isolated incident due to the negligence of defendant, which cannot form the basis of section 1983 claim. "[M]ere negligence or the lack of due care cannot sustain a claim under § 1983." Evans v. Oregon, 2020 WL 5507827, at *3 (D. Or. Mar. 25, 2020), report and recommendation adopted, 2020 WL 2200850 (D. Or. May 6, 2020) (internal quotation marks omitted). Additionally, "an isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights." Canales v. Macomber, 2023 WL 8790273, at *3 (S.D. Cal. Dec. 19, 2023) (collecting cases). Plaintiff includes no facts demonstrating there was an improper motive on the part of defendant J. Naranjo that could sustain a First Amendment claim based on one isolated issue with plaintiff's mail delivery.

Therefore, plaintiff's complaint must be dismissed. Fed. R. Civ. P. 8(a)(2). However, plaintiff is granted leave to file an amended complaint.

IV.   LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is not required to provide exhibits with his amended complaint.  However, because he provided exhibits with his original complaint, plaintiff may ask the Court to append the exhibits from his original complaint (ECF No. 1 at 7-9) to his amended complaint, rather than submit duplicative exhibits.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: April 8, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/wrig2983.14n

1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   DEWAYNE A. WRIGHT,                    No.  2:24-cv-2983 CSK P
12              Plaintiff,
13        v.                               NOTICE OF AMENDMENT
14   OFFICER J. NARANJO,
15              Defendant.
16
17        Plaintiff submits the following document in compliance with the court's order
18   filed on _____ (date).
19
20                           ☐     Amended Complaint
21                           (Check this box if submitting an Amended Complaint)
22   DATED:
23                                         _____
                                           Plaintiff
24
25
26
27
28